# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ELAINE WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 1:17-cv-03574-SCJ |
| SILVERTON MORTGAGE ) | |
| SPECIALISTS, INC., ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF MICHAEL W. JOHNSTON

Before the undersigned authority duly authorized to administer oaths personally appeared Michael W. Johnston, who, after being duly sworn, upon his oath stated as follows:

1.   My name is Michael W. Johnston. I am a partner in the law firm of King & Spalding LLP, 1180 Peachtree Street, Atlanta, Georgia 30309, and I am a member in good standing of the bars of the State of Georgia and of the United States District Court for the Northern District of Georgia, among others. Our law firm represents the defendant, Silverton Mortgage Specialists, Inc. ("Silverton"), in the above-captioned matter.

2. Our firm has acted as counsel for Silverton in this matter, and I have been the responsible partner for this matter since its inception.

3. On March 21, 2019, the Court entered an Order granting Silverton's Motion for Sanctions (the "Motion") and awarding Silverton the costs and attorneys' fees associated with filing its Motion. (Order [Dkt. No. 124] at 43). The Court found that "[n]ot only were Plaintiff's disclosures in her interrogatory responses not accurate and complete, she purposefully and willfully lied under oath at her deposition," noting that a "full reading of her depositions reveals Plaintiff's self-serving approach to the 'truth' and no hesitation to lie when it suits her needs." *Id.* at 18, 25. The Court further found that "[i]n addition to the outright lies …, Plaintiff also frequently gave obstinate and evasive answers during her testimony." *Id.* at 40. The Court directed Silverton to submit its fees and costs associated with filing the Motion by April 5, 2019.

4. I am submitting this affidavit in accordance with the Order and in support of the award of attorneys' fees to Silverton, as provided for therein. I am including the fees associated with the filing of the Motion, and separately, the fees associated with the preparation and taking of Plaintiff's two depositions.

**Fees Associated With Sanctions Motion**

5.      I am personally familiar with this matter and have been since its inception. In my capacity as the partner responsible for this matter, I supervised the preparation and filing of Silverton's Motion. In connection with the preparation of this affidavit, I have reviewed our firm's billing reports for this matter to determine the total amount of time spent by the attorneys and other timekeepers employed by our firm that was associated with the preparation, filing, and briefing of the Motion.

6.      The legal research undertaken in support of the Motion was handled primarily by one associate (Mr. Bailey) and one counsel (Mr. Walcoff), the drafting of the Motion was handled primarily by a counsel (Mr. Walcoff) and a partner (Ms. Moffitt), and I acted in a supervisory capacity, consulting with them on an as-needed basis and reviewing the near-final and final versions of the brief in advance of filing. Our lawyers were supported by various paralegals in our firm in connection with the preparation and filing of the Motion and the numerous supporting exhibits. Our fees in connection with this matter have been based on our firm's standard hourly rates. The hourly rates of each person from our firm who participated in work relating to the filing of the Motion at the time the work was performed in 2018 were as follows:

| Timekeeper | Classification | Hourly Rates |
|---|---|---|
| Michael W. Johnston | Partner | $1,050 |
| Natasha H. Moffitt | Partner | $910 |
| Andrew Walcoff | Counsel | $605 |
| Sedric Bailey | Associate | $510 |
| Lenora Shealy | Senior Paralegal | $305 |
| Julie Wages | Paralegal | $190 |

7. The persons named above spent a total of approximately 259.4 hours in connection with the Motion, and Silverton incurred a total of approximately $200,539.500 in attorneys' fees for those services. More particularly, this total includes approximately 6.4 hours of my time, 173.5 hours of Ms. Moffitt's time,[1] 32.8 hours of Mr. Walcoff's time, 21.8 hours of Mr. Bailey's time, 2.1 hours of Ms. Shealy's time, and 22.8 hours of Ms. Wages' time.

---

[1] The time recorded by Ms. Moffitt was billed under a special firm billing arrangement for friends and family. Ms. Moffitt's fees were not billed directly to Silverton, but were absorbed by the firm. The founder and President of Silverton is Ms. Moffitt's spouse.

8.      The tasks that were performed in connection with the filing of the Motion and that are included in this total included researching case law relating to the issues raised in Silverton's Motion; an extensive review of Plaintiff's document production to identify the documents and information that demonstrate the falsity of Plaintiff's written and oral testimony; an extensive review of the document productions of various third parties to identify the documents and information that demonstrate the falsity of Plaintiff's written and oral testimony; documenting all of Plaintiff's lies throughout the case and in other contexts; drafting the motion and supporting memorandum and the reply memorandum in support of the Motion; identifying and compiling the numerous exhibits to the Motion; and reviewing Plaintiff's opposition to the Motion.

9.      Our attorneys' and other timekeepers' time entries do not always allocate with precision the time spent on the activities relating to Silverton's Motion as opposed to other activities relating to this case. We have therefore been very conservative in allocating to the Motion the time spent pursuing the issues addressed in Silverton's Motion. I note that the total amount of fees identified herein does not include, for example, time that was written off, fees Silverton incurred in connection with the substantial amount of third party discovery it conducted to uncover Plaintiff's lies prior to the filing of the Motion, or the

extensive document review and additional research that was undertaken to uncover the lies.

10. I believe that the requested award is reasonable in light of the nature of the issues, the work our firm has performed, and the results obtained. While the hours spent preparing this motion are greater than what one might normally spend preparing a routine discovery motion and request for sanctions, this was not a routine motion, nor one that the firm brings lightly. This motion alleged and meticulously documented multiple instances of perjury, as well as countless other examples of Plaintiff's lies. Given the seriousness of these allegations and the relief requested, this motion warranted additional time (particularly at more senior levels) to thoroughly investigate and brief the legal and factual issues.

**Fees Associated with Plaintiff's Two Depositions**

11. I also supervised the firm's preparation for the taking of Plaintiff's two depositions, and I personally deposed Plaintiff on both occasions. In connection with the preparation of this affidavit, I have reviewed our firm's billing reports for this matter to determine the total amount of time spent by the attorneys and other timekeepers employed by our firm that was associated with the preparation and taking of Plaintiff's two depositions.

12. The substantive preparation for the depositions was handled primarily by Ms. Moffitt with the support of Mr. Bailey, and I acted in a supervisory capacity, consulting with them on an as-needed basis. I prepared for the deposition by reviewing the work product prepared for me by Ms. Moffitt and Mr. Bailey in advance of the deposition. Our lawyers were supported by various paralegals in our firm in connection with the preparation for the deposition, who helped gather and assemble the anticipated deposition exhibits. Our fees in connection with this matter have been based on our firm's standard hourly rates, as reflected above.

13. The persons named above spent a total of approximately 160.2 hours in connection with the preparation for and the taking of Plaintiff's two depositions, and Silverton incurred a total of approximately $62,830.80 in attorneys' fees for those services. More particularly, this total includes approximately 46.2 hours of my time, 69.8 hours of Ms. Moffitt's time,[2] 10.6 hours of Mr. Bailey's time, 21.4 hours of Ms. Shealy's time, and 12.2 hours of Ms. Wages' time.

14. The tasks that were performed in connection with the taking of Plaintiff's depositions included preparing a detailed deposition outline of topics and questions for the depositions, reviewing Plaintiff's production to identify documents that were relevant to the subject matter of the depositions, reviewing

---

[2] This time was also absorbed by the firm. See footnote 1.

the productions of third parties to identify documents that were relevant to the subject matter of the depositions, reviewing Plaintiff's written discovery responses and correspondence to identify information that was relevant to the subject matter of the depositions, and preparing documents for use as exhibits.

15. Our attorneys' and other timekeepers' time entries do not always allocate with precision the time spent on the activities relating to Silverton's deposition preparation as opposed to other activities relating to this case. We have therefore been very conservative in allocating to the deposition preparation the time spent in preparing for the two depositions. I note that the total amount of fees identified herein does not include, for example, fees Silverton incurred in connection with the substantial amount of third party discovery it conducted to uncover Plaintiff's lies prior to the filing of the Motion that related to these same issues, or the extensive document review and additional research that was undertaken to uncover the lies.

16. I believe the requested award is reasonable in light of the nature of the issues, the work our firm has performed, and the results obtained. Indeed, we anticipated in advance of Plaintiff's deposition that it was likely that she might not provide truthful testimony, particularly given the extent of her lies in other contexts, and this likelihood necessitated a greater degree of deposition preparation

on the front end to ensure that we were prepared to address during her deposition any lies or evasion.

FURTHER AFFIANT SAYETH NOT.

_____
Michael W. Johnston

Subscribed and sworn to before me, this 5th day of April, 2019.

_____
Notary Public



My commission expires:

10/9/2022

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing **AFFIDAVIT OF MICHAEL W. JOHNSTON** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

>V. Severin Roberts
>Benjamin A. Stark
>BARRETT & FARAHANY
>1100 Peachtree Street
>Suite 500
>Atlanta, GA 30309

This 5th day of April, 2019.

>s/ Natasha H. Moffitt
>Natasha H. Moffitt