IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELAINE WATTS,

   Plaintiff,

v.

SILVERTON MORTGAGE
SPECIALISTS, INC.,

   Defendant.

CIVIL ACTION FILE
No. 1:17-cv-3574-SCJ

## ORDER

This matter is before the Court pursuant to its March 21, 2019 order granting Defendant's motion for sanctions and awarding Defendant the costs associated with bringing the motion. Doc. No. [124]. The Court ordered Defendant to file its costs and fees with the Clerk by April 5, 2019. Defendant complied, and now the Court must decide the appropriate sanctions amount.

## I.   BACKGROUND

A more detailed description of the history of this case and the circumstances that resulted in sanctions being imposed on Plaintiff can be

1

found in the Court's previous orders. See Doc. Nos. [123]; [124]. Here, the Court provides a summary of Defendant's fee request.

On April 5, 2019, Defendant submitted an affidavit, which requests $200,539.50 in attorneys fees for bringing its motion for sanctions and—although the Court did not award them these costs—another $62,830.80 for conducting two depositions of Plaintiff. Doc. No. [126], ¶¶7, 13. Defendant reports that two partners, one counsel, an associate, and two paralegals spent 259.4 hours in connection with their motion for sanctions. Id. at ¶¶6, 7. Although 173.5 hours of that total were not billed to the client, defense counsel nonetheless seeks reimbursement for those hours. Id. at n.1.

Defendant provides the hourly rates for each of the individuals who worked on the motion for sanctions. Id. at ¶6. Defendant reports that its request includes hours spent on "extensive" reviews of Plaintiff's document production and the document productions of various third parties to identify the falsity of Plaintiff's written and oral testimony, as well as researching and drafting the motion. Id. at ¶8. According to defense counsel, its timekeeping entries "do not always allocate with precision" the time spent on the motion for sanctions; thus, counsel purports giving a "very conservative" estimate of its

expenses. In its affidavit, defense counsel attests to its own belief that its fees are reasonable, but provides no actual billing records showing the tasks performed by various individuals, no information about each individual's years of experience, and no information about how these fees compare to rates within the relevant legal market. See id.

## II. LEGAL STANDARDS FOR ATTORNEYS' FEES

Determining the appropriate amount of attorney fees "should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). When attorney fees are awarded, the default approach for calculating the award is to use the "lodestar" method. Bujanowski v. Kocontes, 359 F. App'x 112, 114 (11th Cir. 2009) (citing Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 1994)) ("In this Circuit, the starting point for calculating attorneys' fees is to multiply the number of hours reasonably expended by a reasonable rate to determine the 'lodestar' amount, which has a strong presumption to be the reasonable sum."). It is the fee applicant's burden to provide the court with sufficiently particular information through detailed evidence to establish the reasonableness of the requested rates. Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

Where it appears that the fee request is excessive or provides inadequate evidence to determine the reasonableness of the request, the district court may use its own expertise to determine a proper award. Norman, 836 F.2d at 1303 (11th Cir. 1988); see also Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 894 (11th Cir. 2011); NAACP v. City of Evergreen, Ala., 812 F.2d 1332, 1334 (11th Cir. 1987); King v. McCord, 707 F.2d 466, 468 (11th Cir. 1983); Mesa Petroleum Co. v. Coniglio, 629 F.2d 1022, 1030 (5th Cir. 1980); Brown v. Culpepper, 561 F.2d 1177, 177–78 (5th Cir. 1977); Davis v. Bd. of Sch. Comm'rs, 526 F.2d 865, 868 (5th Cir. 1976); Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940) ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered prior to the close of business on September 30, 1981 by the United States Court of Appeals for the Fifth Circuit.

### III. DISCUSSION

As a result of lies Plaintiff told during her depositions, the Court awarded Defendant the costs involved in bringing the motion for sanctions. However, the Court finds Defendant's request for $263,370.30 to be excessive and unreasonable. Therefore, the Court resorts to its own experience to determine a reasonable award of fees related to the motion for sanctions. The Court has considered Defendant's time spent on the necessary aspects of submitting a motion for sanctions and reply brief and determines that $10,000.00 is a reasonable award of attorneys' fees.

### IV. CONCLUSION

For the foregoing reasons, Defendant is awarded $10,000 in attorneys' fees, to be deducted from any recovery Plaintiff obtains in this case, as a sanction for Plaintiff's misconduct.

**IT IS SO ORDERED** this 22nd day of April, 2019.

s/Steve C. Jones<br>
**HONORABLE STEVE C. JONES**<br>
**UNITED STATES DISTRICT JUDGE**