IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLY CAIN, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | 1:12-cv-03296-TWT |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ALMECO USA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DECLARATION OF BRETT BARTLETT
## IN SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEYS' FEES

1. My name is Brett Bartlett. I am over the age of 21 and am suffering from no mental or physical disability. All statements in this declaration are made based upon my personal knowledge or review of records submitted to me by Amanda A. Farahany in the above captioned case.

2. I believe I am competent to form an opinion concerning the skills of the attorneys Amanda A. Farahany and Severin Roberts in FLSA and employment-related litigation in federal district courts in cases in Atlanta. I have no personal or pecuniary interest in the fees in question here.

3. I received my J.D. degree from Mercer University's Walter F. George School of Law in 1999 and was admitted to practice in Georgia that same year. I

1

have been a member in good standing of the State Bar of Georgia since 1999. My state bar number is 040410. I am admitted to practice in the United States District Courts for the Northern District of Georgia and for the Middle District of Georgia, the United States Court of Appeals for the Eleventh Circuit, and several other federal courts in various states. In addition, I am admitted to practice law in the Georgia Court of Appeals and the Georgia Supreme Court, as well as in New York's state courts.

4. I am the chair of Seyfarth Shaw LLP's Atlanta, Georgia Labor & Employment Department, co-chair of our firm's national Wage & Hour Litigation Practice Group, and a member of the firm's Labor & Employment Department's Steering Committee.

5. I have litigated more than 100 putative and certified collective actions filed under the Fair Labor Standards Act, a handful of which were filed and determined in this District. I am a co-author of the Law Journal Press's treatise, *Wage & Hour Collective and Class Litigation*. I devote approximately 95% of my practice to defending employers in FLSA litigation and counseling them in an effort to avoid them.

6. I began my career in 1999 with an Atlanta litigation boutique called Chambers, Mabry, McClelland, & Brooks. I left there the same year to pursue a

specialty in employment law with the Macon, Georgia office of Constangy, Brooks & Smith, where I handled my first FLSA matters in 2000. I joined the Atlanta office of Jackson Lewis LLP in 2001, where I focused nearly 100% of my time on defending FLSA litigation and providing counsel to businesses under state and federal wage and hour laws. I joined Seyfarth Shaw LLP in 2005, where I continued with that practice focus. I made partner at Seyfarth Shaw in 2007, and remain here today.

7. In my leadership roles with Seyfarth Shaw, it is essential that I maintain a sound understanding of the markets in which we work. Because I am the chair of our Atlanta Labor & Employment Department, and have about 10 lawyers within that Department who focus their practice on wage and hour litigation, I focus acutely on our Atlanta market.

8. I have litigated against the Barrett & Farahany law firm, who are Plaintiff's counsel in this case. From my perspective, I view Amanda Farahany and Severin Roberts as the top FLSA litigators representing plaintiffs in Georgia. They understand the law. They understand the often varying precedent. They are respectful of the Court. They are savvy strategists. In my view, they represent their clients' interests extremely well, and I say that based on my comparison of their case prosecution to many other firms in Georgia and other states against whom I have

litigated. I believe that they are able to do so because of the experience that Ms. Farahany has gained over the past decade, and because of Mr. Roberts' innovative ways of thinking about these cases. They are seasoned and savvy FLSA litigators who have exercised sound judgment in the cases I have defended against them.

9. In my experience, it is not unusual for a plaintiff's attorney's fees to exceed considerably the damages that the plaintiff recovers at judgment. I am aware that several courts have acknowledged the potential for wide deltas to exist between such fees and the underlying recovery of damages. Although certainly not always justifiable, substantial fee awards to prevailing plaintiffs that are justified by the amount of work performed in a case and the skill and experience of the plaintiffs' attorneys would be consistent with congressional intent that the FLSA provide available protection to employees whose potential damages are so slight that they might not persuade an attorney to take their case but for the opportunity for prevailing-plaintiff fees exceeding those potential damages, perhaps materially.

10. Within this context, and having reviewed the fees that Plaintiff incurred, I believe that the fees that Plaintiff seeks for having prevailed in this case are reasonable.

11. I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct and based on my knowledge, information, and belief.

Executed, this 26th day of March, 2014.

_____
BRETT BARTLETT