IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELAINE WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 1:17-cv-03574-SCJ |
| ) | |
| SILVERTON MORTGAGE ) | |
| SPECIALISTS, INC., ) | |
| ) | |
| Defendant. ) | |

**SILVERTON MORTGAGE SPECIALISTS, INC.'S
OPPOSITION TO PLAINTIFF'S FIRST SUPPLEMENTAL
MOTION FOR ATTORNEY'S FEES**

Defendant SILVERTON MORTGAGE SPECIALISTS, INC. ("Silverton") respectfully submits this opposition to Plaintiff's "First Supplemental Motion for Attorney's Fees" ("Supplemental Motion," Dkt. 163), in which Plaintiff's counsel seek recovery of the fees associated with their drafting of the "Motion for Attorney's Fees & Expenses" (the "Motion," Dkt. 149, Dkt. 150-1) and their reply brief in support of their Motion (Dkt. 162).[1]

---

[1] Silverton desires to briefly address a statement Plaintiff made in her reply brief pertaining to the parties' mediation of the attorneys' fee claim. Plaintiff suggests that Silverton lied about Plaintiff's counsel not countering Silverton's

Silverton opposes Plaintiff's Supplemental Motion on the same grounds that it opposes Plaintiff's original Motion, and hereby incorporates by reference its Opposition (Dkt. 156), and the facts, arguments, and authorities cited therein.

***First***, as set forth more fully in its Opposition, Silverton requests that the Court deny, or at least significantly reduce, Plaintiff's counsel's fee request given the limited success Plaintiff achieved in this case, this Court's "finding of willful conduct and bad faith on Plaintiff's part," Plaintiff's evasiveness and "outright lies" during discovery, Plaintiff's counsel's indifference to Plaintiff's discovery misconduct, Plaintiff's "complete[] disregard[] [of] Defendant's right to complete and accurate information to conduct its own defense," and the nuisance settlement to which Silverton ultimately agreed merely to avoid the further significant expense of litigation.  *See* Dkt 156 at 3-4 (internal citations omitted); *see also id.* at 3-24.[2]  Plaintiff's acts unnecessarily prolonged the litigation, forced Silverton to

---

settlement offers on fees with anything less than $140,000.  *See* Dkt. 162 at 8; *see also id.* at n.16.  If Plaintiff presented a $130,000 counter-offer, as she alleges in her reply (*see id.* at 8), no such counter-offer was communicated to Silverton.  Further, Silverton's memory is that it formally extended a settlement offer on attorneys' fees only after the in-person mediation, once it received Plaintiff's time records.  Therefore, it does not agree that its $14,400 offer post-mediation reflected a "backwards move" from anything offered at the mediation pertaining to Plaintiff's fees claim.

[2]   Citations to ECF filings referenced herein reference the page number contained in the ECF header for the document.

incur significant expense pursuing the discovery that ultimately debunked her lies, and frustrated the parties' ability to settle. Had Plaintiff's counsel investigated her claims, reviewed the productions in this case, and participated meaningfully during discovery, they would have known, at a minimum, that Plaintiff's verified discovery responses were untrue. *See* Dkt. 156 at 5-15, 22-24.

In short, the claim Plaintiff's counsel brought and litigated over most of the life of the case is **not** the claim they are now suggesting they asserted. *Compare* Dkt. 156 at 5-15 (chronicling Plaintiff's ever-changing overtime story, where she first claimed that Silverton instructed its underwriters that they could report and be paid for only 7 overtime hours, and then when the evidence belied that story, she later changed her story to allege for the first time on the eve of her deposition and shortly before discovery was set to close that her manager directed her to underreport her hours and change her timesheets, even for hours less than 7 overtime hours) *with* Dkt. 162 at 2-3 (Plaintiff failing to acknowledge or explain away Plaintiff's ever-changing overtime story, and resting instead on Plaintiff's purported allegation that Silverton should have known she was working more time than she was reporting). *Case in point*, Plaintiff did not cite or explicitly reference anywhere in her March 14, 2018 amended interrogatory responses the email that

Plaintiff's counsel now touts as their "Smoking Gun" evidence,[3] which they suggest they had since at least as early as Silverton's February 12, 2018 production. *See* Dkt. 162 at 2-3, 6-7, 9; Dkt 61-2 at 414-29.  Plaintiff's amended responses similarly did not identify the alleged "221 work-related emails" that Plaintiff purportedly sent "outside of normal business hours or outside of the times reported on her timesheets…."[4]  Dkt. 162 at 3; Dkt 61-2 at 414-29.  Rather, the parties unnecessarily spent the entirety of the case, at extraordinary expense, litigating and debunking the specious claims actually presented in her discovery responses, which her counsel have all but expressly abandoned in their quest for fees.

***Second***, as set forth more fully in its Opposition, Silverton requests that the Court exclude from its calculation of any fee award time spent by counsel and their paralegals on purely clerical/administrative tasks and time records that contain

---

[3]     At most, Plaintiff claimed in her amended discovery responses that Defendant "*should have*" access to email communications and instant messages in which Plaintiff would state she would be working over or leaving to take care of her children but would be returning to finish up work, and that it "*should have* emails as late as 9/10 p.m. wherein Plaintiff emailed Freas with work related issues."  *See* Dkt. 61-2 at 421 (emphases added).

[4]     Plaintiff overstates the significance of any such emails, in any event.  The mere fact Plaintiff may have occasionally sent a work-related email outside of "normal business hours" or outside of her reported workday does not demonstrate that she worked overtime during that particular week.

vague and/or cryptic narratives because such time is generally not compensable. *See* Dkt. 156 at 25-27; *see also, e.g.*, *Manriquez v. Manual Diaz Farms, Inc.*, No. 00-1511-CIV, 2002 WL 1050331, at *6-7 (S.D. Fla. May 23, 2002) (recognizing that the majority of courts in the Eleventh Circuit view clerical work as not being compensable, and even if it were, "it would not be compensable at a paralegal's rate, let alone the attorneys' rates…."); *Brown v. Lambert's Café III,* CA 15-0029-CG-C, 2016 WL 325131, at *5 (S.D. Ala. Jan. 27, 2016) ("'[E]xceptionally terse descriptions of activities do not satisfy the applicant's burden' of maintaining adequate billing records, and vague entries may well be found not reimbursable.").

Like the time records submitted with her Motion, Plaintiff's supplemental time records include numerous additional time entries that appear to be purely clerical or administrative in nature (e.g., finalizing and filing papers, preparing and/or compiling exhibits, creating copies, performing calculations, following up with vendors on invoices, etc.). Silverton attaches hereto as Exhibit A an annotated spreadsheet highlighting the entries Silverton believes are associated with clerical and/or administrative tasks and requests that these be excluded from any fee award (roughly $2,850 in fees, in addition to the roughly $20,000 in fees associated with administrative/clerical tasks outlined in Plaintiffs Opposition (Dkt. 156 at 26)). "[P]urely clerical or secretarial tasks should not be billed at a

paralegal rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *see also Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C. Cir. 2004) ("We do not understand why attorney or even legal assistant skills were required" for tasks such as filing briefs); *Coleman v. Houston Indep. School Dist.*, No. 98-20692, 1999 WL 1131554, at *9 (5th Cir. Nov. 8, 1999) ("Paralegal expense is recoverable only to the extent that the work performed is similar to that typically performed by lawyers.... Otherwise, paralegal expense is an unrecoverable overhead expense."); *Branch Banking and Trust Co. v. Imagine CBQ, LLC*, No. 11-0168-KD-C, 2012 WL 1987830, at *3 (S.D. Ala. June 4, 2012) ("As to reasonable paralegal fees, only time spent performing work traditionally performed by attorneys will be compensated.").

Further, Plaintiff's supplemental time records include a number of additional time entries relating to email communications where the descriptions are so vague and/or cryptic, it is impossible to discern whether those entries comprise compensable time. *See Brown*, 2016 WL 325131, at *5. Silverton attaches hereto as Exhibit B an annotated spreadsheet highlighting the entries Silverton believes are too vague to be compensable. While some (but not all) of these emails purport to relate to the case, they do not identify to whom the email may have been sent and/or the general nature of such communication to allow Silverton or the Court to

6

assess whether the correspondence pertained to legal work as compared to subject matter that was purely administrative and/or clerical in nature.  Moreover, several of these entries appear duplicative of one another based on the limited narratives provided.  *See, e.g.,* Ex. B at 5 (numerous entries for "Update" and "Status of Check"), 6 and 8 (numerous entries for "Silverton's Motion for Attorneys' Fees and Expenses"), 7 (numerous entries for "Barrett & Farahany Project BAFA0003 - Elaine Watts Matter").  Accordingly, Silverton requests that the highlighted entries identified in Exhibits A and B be excluded from any fee award.

## **CONCLUSION**

For the foregoing reasons and the reasons set forth more fully in Silverton's Opposition to Motion for Attorneys' Fees & Expenses (Dkt. 156), Silverton respectfully requests that this Court enter an order limiting Plaintiff's award of attorneys' fees, if any, to the reasonable fees Plaintiff incurred up to February 21, 2018, when Silverton pointed Plaintiff's counsel to documents in Silverton's production that refuted her hours and damages claims and belied her verified discovery responses, but in no case later than March 15, 2018, the date of Plaintiff's first deposition when her extensive lies were revealed.

Respectfully submitted, this 10th day of February, 2020.

                        KING & SPALDING LLP

                        s/ Natasha H. Moffitt
                        Michael W. Johnston
                          Georgia Bar No. 396720
                        Natasha H. Moffitt
                          Georgia Bar. No. 367468
                        1180 Peachtree Street, N.E.
                        Atlanta, Georgia 30309
                        (404) 572-4600 (telephone)
                        (404) 572-5100 (facsimile)
                        mjohnston@kslaw.com
                        nmoffitt@kslaw.com

                        Attorneys for Defendant
                        SILVERTON MORTGAGE
                        SPECIALISTS, INC.

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to L.R. 7.1D of the Northern District of Georgia, that the foregoing was prepared in 14-point Times New Roman font.

This 10th day of February, 2020.

                        s/ Natasha H. Moffitt
                        Natasha H. Moffitt

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing SILVERTON MORTGAGE SPECIALISTS, INC.'S OPPOSITION TO PLAINTIFF'S FIRST SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to the following attorneys of record:

> V. Severin Roberts
> Benjamin Stark
> BARRETT & FARAHANY
> 1100 Peachtree Street, Suite 500
> Atlanta, GA 30309

This 10th day of February, 2020.

> s/ Natasha H. Moffitt
> Natasha H. Moffitt